IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WALTER WILLIAM SELMON                                                                           PLAINTIFF

v.                                          Civil No. 1:16-CV-01091-SOH-BAB

TOMMY REED (Public Defender, Union                                                          DEFENDANT
County)

# REPORT AND RECOMMENDATION

Plaintiff filed this case *pro se* pursuant to 42 U.S.C. § 1983 on November 3, 2016. ECF No. 2. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**1. Background**

Plaintiff is currently incarcerated in the Ouachita County Jail. ECF No. 2. He alleges his constitutional rights were violated by Union County Public Defender Tommy Reed. Specifically, he alleges lack of representation, coercion through forced medication,[1] extortion, and slander.[2] ECF No. 2, p. 4. Plaintiff proceeds against Defendant in both his official and personal capacity. ECF No. 2, p. 2. Plaintiff seeks compensation. ECF No. 2, p. 5.

---

[1] The statement "coerosion – forced meds" is interpreted as above.
[2] The statement "extoration – slander" is interpreted as above.

1

2. **Applicable Law**

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

3. **Discussion**

As a public defender, Defendant Reed is not subject to § 1983 liability. A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976) (conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Plaintiff does not indicate what medication he was forced to take. There is a significant liberty interest in avoiding the forced administration of antipsychotic drugs without certain precautions. *Washington v. Harper*, 494 U.S. 210 , 221-22 (1990); *Sell v. United States*, 539 U.S. 166, 179-81 (2003). A public defender, however, is not a proper Defendant for a claim of this type. To the extent Plaintiff may be alleging that the public defender failed to prevent the administration of medication, this claim is barred as a claim of ineffective assistance of counsel is not proper in a § 1983 complaint.

Plaintiff also raised allegations of extortion and slander. Even assuming the existence of a state actor, these allegations do not constitute cognizable claims under § 1983. Section 1983 protects rights arising out of the United States Constitution or federal law. "[A] violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." *Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993).

**4. Conclusion**

For the foregoing reasons, I recommend that Plaintiff's claims against Defendant Reed be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **15th day of February 2017**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE